UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESUS DANIEL FLORES GIL,

      Petitioner,

v.

                                       Case No. 3:26-cv-1812-MMH-LLL

GARRETT RIPA, et al.,

      Respondents.

                                    

## **ORDER**

Petitioner Jesus Daniel Flores Gil, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on July 15, 2026.[1] Flores Gil, a citizen of Venezuela, was paroled into the United States on October 7, 2024. Id. at 6. In February 2026, United States Immigration and Customs Enforcement (ICE) detained Flores Gil following a traffic stop. Id. The crux of Flores Gil's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 8–12. As relief, he seeks, inter alia, immediate release. Id. at 14.

---

[1] Flores Gil also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). On July 16, 2026, the Court granted Flores Gil's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through July 30, 2026. See Temporary Restraining Order (Doc. 5). The Court also notified the parties that it would consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, 175 F.4th 1258, 1276 (11th Cir. 2026). Although <u>Hernandez Alvarez</u> did not directly address the circumstance of a petitioner, like Flores Gil, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Flores Gil was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. <u>See</u> <u>id.</u> at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1.     Flores Gil's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act. Within **seven days** of this Order, Respondents shall either afford Flores Gil an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Flores Gil, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.     Flores Gil's request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

3.     Respondent Warden's Motion to Dismiss (Doc. 8) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

4.     The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of July, 2026.

_MARCIA MORALES HOWARD_
**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 7/28
c:
Counsel of Record

3